HENWOOD AND NOWAK, INCORPORATED, *vs.* ROBERT DIETZ.

Suffolk.    April 11, 1923. — June 20, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach.

Where a contract relating to the tanning of certain kid skins for their owner did not call for delivery of the tanned skins to the owner before payment for the tanning could be required, it was no defence to an action of contract by the tanner for the price of the tanning that the tanner retained possession of the skins under a claim of lien, whether or not the lien was valid.

CONTRACT, with a declaration in two counts, for the tanning by the plaintiff of certain goat and kid skins of the defendant.    Writ dated July 28, 1920.

In the Superior Court, the action was referred to an auditor under a rule that his findings of fact should be final.    Material findings by the auditor and proceedings relating to his report are described in the opinion.    The action was heard upon the report by *McLaughlin,* J., without a jury, who found for the plaintiff in the sum of $4,869.61; and the defendant alleged exceptions.

The case was submitted on briefs.

*Asa P. French,* for the defendant.

*F. T. Leahy,* for the plaintiff.

CROSBY, J.    The first count of the substitute declaration is upon a special contract embodied in three letters, copies of which are annexed to the declaration as exhibits "A," " B," and " C."    The second count of the substitute declaration is a count upon an account annexed and marked " D."    The action was referred to an auditor under an order of reference making his findings of fact final.    After his report was filed the action was heard by a judge of the Superior Court before whom the defendant moved that the report be recommitted to the auditor for an error of law; this motion was denied.    The defendant also asked the court to rule that the auditor erred as matter of law in allowing

the first of the two items under date of June 10, 1920, of its account marked " D " in the sum of $1,453.13. The court refused so to rule and found for the plaintiff in the sum of $4,869.61. The defendant excepted to the refusal to rule as requested and to the finding. The only question before us is, whether the plaintiff as matter of law is precluded from recovering the above item of $1,453.13.

It appears from the auditor's findings that the plaintiff and defendant were tanners, the plaintiff's tannery being located in Wilmington, Delaware, and the defendant's in Lynn in this Commonwealth. The contract declared on in the first count is for the tanning by the plaintiff of certain goat skins owned by the defendant; the second count is a count upon an account annexed for the tanning of certain kid skins, also the property of the defendant. All the skins were to be sent to the plaintiff's tannery, at different times by the defendant. The plaintiff tanned and shipped to the defendant all skins so received except the shipment in question of June 10, 1920. The auditor finds that the parties entered into two contracts as above set forth, and that it was the condition of the first that the skins were to be shipped to Lynn, and the defendant was to pay for tanning net cash on their arrival at the factory; that the second contract contained no terms as to delivery by the defendant or as to payments. The first contract was made in February, 1920; and the second in the following March. Altogether there were forwarded to the defendant seven separate shipments, six of goat skins and one of kid skins. The auditor found that the defendant did not make payments upon the delivery of the leather to him as agreed; and it appears that his failure to do so was the subject of considerable correspondence between the parties; it also appeared that by reason of such failure the plaintiff refused to deliver the last three instalments, and they were sent to the plaintiff's store in Boston. Finally on July 6, 1920, the defendant paid $10,000 on account and the leather held by the plaintiff was shipped to the defendant, leaving a balance due the plaintiff of $2,894.74.

The fourth shipment, which was the first made on June 10,

1920, never reached the defendant's tannery, but was traced and recovered by the plaintiff in Lynn on July 20, 1920; and on July 23 the plaintiff notified the defendant of its recovery and informed him that it would be delivered upon the payment of " all due us plus 7% interest until paid." The auditor found that " The defendant has never requested of the plaintiff to inspect the goods as retained by the plaintiff, or made further offer of payment of the balance after July 6, 1920, or for the goods now held by the plaintiff."

The defendant contends that, the shipment of June 10, 1920, never having been delivered to him, he is not liable for tanning the skins so retained.   As there was nothing in the contract relating to the tanning of the kid skins which called for delivery before payment, the plaintiff had a lien at common law on those skins for the labor performed. *Townsend* v. *Newell*, 14 Pick. 332, 335.  *Hollingsworth* v. *Dow*, 19 Pick. 228.  *Busfield* v. *Wheeler*, 14 Allen, 139. *Folsom* v. *Barrett*, 180 Mass. 439.   *Lord* v. *Jones*, 24 Maine, 439.   The lien was limited to the amount due for labor performed upon the skins which the plaintiff retained in his possession and refused to deliver.   The auditor, however, found that " the plaintiff having located the shipment of June 10th . . . by mail notified the defendant that plaintiff was going to have that shipment sent to plaintiff's Boston store, and on July 23rd by mail further notified defendant the plaintiff had received this shipment at Boston and would release the same to the defendant ' against your check for all due· us plus 7% interest until paid.' "   In this connection the auditor further states:  " The plaintiff . . . upon the failure of the defendant to pay the balance of the other invoices as he had agreed on July 7, 1920, stopped further shipment to the defendant of this invoice of June 10, 1920, and has retained . . . and now retains the same; but the plaintiff then offered and now offers, and ever since has stood ready to deliver the same to the defendant upon payment by the defendant in cash on such delivery."

This is not a petition to enforce a lien for labor performed in tanning the skins, nor is it an action brought by the owner against the plaintiff for failure to deliver them on demand,

or for conversion of them.   The question whether the plaintiff originally had a lien, or had lost its lien when it delivered the skins to the railroad for shipment to the defendant, is immaterial; this action is brought to recover the price for tanning them.   It is not disputed that the plaintiff tanned the skins and we see no valid reason why it is not entitled to recover the amount due therefor.   The auditor did not err as matter of law in allowing the plaintiff the amount in controversy; and the refusal of the court to rule to the contrary was not error.

*Exceptions overruled.*